# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MATT A. DAVIS, Inmate #K97279, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | CIVIL NO. 06-336-WDS |
| COUNTY OF MADISON, ILLINOIS, | ) | |
| BOB HERTZ, JOE GULASH, BOB | ) | |
| HOLLENBECK, and UNKNOWN | ) | |
| PARTY, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

Plaintiff, a former detainee at the Madison County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions

of this action are subject to summary dismissal for failure to state a claim.

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court finds it appropriate to break the claims in Plaintiff's *pro se* complaint and other pleadings into numbered counts, as shown below.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The designation of these counts does not constitute an opinion as to their merit.

COUNT 1:    Against all defendants for imposing punishment on Plaintiff without due process of law.

COUNT 2:    Against all defendants for denial of access to courts.

COUNT 3:    Against all defendants for denial of visitation privileges.

GENERAL CONSIDERATIONS

To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Generally, confinement of pretrial detainees may not be punitive, because "under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).  Thus, conditions of pretrial confinement must be "reasonably related to a legitimate governmental objective." *Id.* at 539.  *See also Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995); *Brownell v. Figel*, 950 F.2d 1285 (7th Cir. 1991).  At the same time, "[t]he conditions of imprisonment, whether of pretrial detainees or of convicted criminals, do not reach even the threshold of constitutional concern until a showing is made of 'genuine privations and hardship over an extended period of time.'" *Duran v. Elrod*, 760 F.2d 756, 759 (7th Cir. 1985).

## COUNT 1

Plaintiff states that after an "altercation" with a guard in the Madison County Jail in March 2005, he was placed in "the hole," and remained there for over one year.  The ant-infested cell in segregation had inadequate lighting, inadequate ventilation, no hot water, no mirror, no toilet paper, and the walls were smeared with urine, feces, and pepper spray.  He was stripped of all of his clothing, and given only a "suicide suit" to wear and a "suicide blanket" for sleeping.  He was not allowed any legal materials, mail, or phone privileges for two months, until May 2005.  He had to sleep on the concrete floor until he was issued a mattress in July 2005.  He was denied clothing until August 2005, and then he was allowed only the Madison County Jail jumpsuit.  He was denied underwear until December 2005.  He was denied any correspondence from family until November 2005.  He was denied correspondence to his family or his attorney, all writing materials, commissary privileges, and cleaning supplies for one year, until March 2006.  Visitation with both family and his attorney were severely restricted during this time.  In March 2006, Plaintiff was moved to an isolation cell, still in segregation, which contained its own shower and phone, but he was denied out-of-cell recreation, and was allowed to leave the cell only for visitation and sick call.

Plaintiff states that these conditions constituted punishment without due process of law, in violation of his constitutional rights.  Defendants Hertz, Hollenbeck, and Gulash did not grant Plaintiff any procedural protections prior to the imposition of these conditions, and the conditions were imposed with deliberate indifference.  Plaintiff also alleges that it is a policy and custom of the Madison County Jail to impose punishment upon detainees without due process.  Plaintiff also lists three occasions in 2004 in which he was punished for a few days without due process.

In *Bell v. Wolfish*, 441 U.S. 520 (1979), the Supreme Court held that a pretrial detainee may

be detained pending trial and may be subjected "to the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution." *Id.*, 441 U.S. at 536-37. "[I]f a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'" *Id.* at 539. Legitimate governmental objectives are not limited to ensuring the detainee's presence at trial; they also may include the government's interest in effectively managing the detention facility, or to maintain security and order. *Id.* at 540. "Restraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if they are discomforting and are restrictions that the detainee would not have experienced had he been released while awaiting trial." *Id.*

*Bell* requires courts to consider whether pretrial detainees' conditions of confinement claims demonstrate that "punishment" took place, thus, courts have had to look somewhere for a definition of "punishment" in this sense. Several courts in this circuit have looked to the Eighth Amendment for that definition. *See e.g.Hines v. Sheahan*, 845 F. Supp. 1265, 1267 (N.D. Ill. 1994) (Grady, J.); *Antonelli v. Sheahan*, 863 F. Supp. 756, 759 (N.D. Ill. 1994) (Holderman, J.); *Chavis v. Fairman*, No. 92 C 7490, 1994 WL 55719, at *7 n.4 (N.D. Ill. Feb. 22, 1994) (Aspen, J.). Assuming plaintiff was a pretrial detainee, however, plaintiff cannot be punished at all. *See Lock v. Jenkins*, 641 F.2d 488, 491 n.7 (7th Cir. 1981) ("The due process clause, forbidding all punishment of pretrial detainees, is thus more inclusive in its protection than the Eighth Amendment, which would allow punishment as long as it is not cruel and unusual.") Nonetheless, although not expressly disavowing the language in *Lock*, the Seventh Circuit has stated that "[p]unishment is punishment, and there is no reason why the term should mean two different things in the Eighth and Fourteenth Amendment

contexts." *Salazar v. City of Chicago*, 940 F.2d 233, 240 (7th Cir. 1991). In *Salazar* and other pretrial detainee cases, the Seventh Circuit has required plaintiffs to allege deliberate indifference on the part of the corrections officials, as is required in Eighth Amendment analysis. *See Rapier v. Harris*, 172 F.3d 999, 1005-06 (7th Cir. 1999); *Swofford v. Mandrell*, 969 F.2d 547, 549 (7th Cir. 1992); *Salazar*, 940 F.2d at 241; *Shelby County Jail Inmates v. Westlake*, 798 F.2d 1085, 1093- 94 (7th Cir. 1986). "Deliberate indifference" requires that prison officials know of and disregard an "excessive risk to inmate health or safety." *Farmer v. Brennan*, 114 S. Ct. 1970, 1979 (1994). It is more than negligence or even gross negligence; deliberate indifference means "intentional or criminally reckless conduct." *Salazar*, 940 F.2d at 238.

The Court does note, however, that

> a pretrial detainee can be punished for misconduct that occurs while he is awaiting trial in a pretrial confinement status. Notably, the basis for this punishment is not the underlying crime of which he stands accused; rather, this punishment is based upon the detainee's actions while in pretrial confinement.

*Rapier*, 172 F.3d at 1003. But where punishment is imposed upon a pretrial detainee for misconduct, jailers must provide procedural protections. *Rapier*, 172 F.3d at 1005; *Whitford v. Boglino*, 63 F.3d 527, 531 n. 4 (7th Cir. 1995) (indicating in dictum that a due process hearing is required). *See generally Wolff v. McDonnell*, 418 U.S. 539 (1974).

Based on Plaintiff's allegations and these legal standards, Count 1 cannot be dismissed at the point in the litigation.

## COUNT 2

Plaintiff states that the restrictions on visitation and correspondence with his attorney violated his right of access to the courts.

Prisoners have a fundamental right of meaningful access to the courts. *Bounds v. Smith*, 430

U.S. 817 (1977).  This right of access extends to pretrial detainees as well as convicted prisoners. *See Casteel v. Pieschek*, 3 F.3d 1050, 1053 (7th Cir.1993).  The Seventh Circuit uses a two-part test to decide if prison administrators have violated the right of access to the courts.  *Smith v. Shawnee Library Sys.*, 60 F.3d 317 (7th Cir. 1995); *Jenkins v. Lane*, 977 F.2d 266, 268 (7th Cir. 1992).  First, the prisoner must show that prison officials failed "to assist in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Jenkins,* 977 F.2d at 268 (*quoting Bounds v. Smith*, 430 U.S. 817, 828 (1977)).  Second, he must be able to show "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation." *Alston v. DeBruyn,* 13 F.3d 1036, 1041 (7th Cir. 1994); *Jenkins*, 977 F.2d at 268; *Shango v. Jurich*, 965 F.2d 289, 291 (7th Cir. 1992); *Howland v. Kilquist*, 833 F.2d 639, 642-43 (7th Cir. 1987); *Hossman v. Sprandlin*, 812 F.2d 1019, 1021 n.2 (7th Cir. 1987).  Thus, a detriment must exist, a detriment resulting from illegal conduct that affects litigation.  *Kincaid v. Vail*, 969 F.2d 594, 603 (7th Cir. 1992), *cert. denied*, 506 U.S. 1062 (1993).  "[T]he mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*, and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006).  Plaintiff has not alleged a detriment to any pending litigation.  Consequently, Plaintiff has failed to state a cognizable access-to-courts claim; Count 2 is **DISMISSED without prejudice**.  *See* 28 U.S.C. § 1915A.

### COUNT 3

Plaintiff states that unreasonable restrictions were placed on his communications–both in

person and by mail–with his family, so as to violate his constitutional rights.

Although claims brought pursuant to section 1983, when involving detainees, arise under the Fourteenth Amendment and not the Eighth Amendment, *see Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000), the Seventh Circuit has "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) without differentiation." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

Prisoners do not have a fundamental right to unfettered visitation arising directly from the Constitution. *Kentucky Dep't of Corrections v. Thompson,* 490 U.S. 454 (1989). "The denial of prison access to a particular visitor 'is well within the terms of confinement ordinarily contemplated by a prison sentence,' and therefore is not independently protected by the Due Process Clause." *Id.* at 1909, *citing Hewitt v. Helms,* 459 U.S. 460 (1983). Accordingly, Plaintiff has not stated an independent claim regarding visitation restrictions.[1] Count 3 must therefore be **DISMISSED** from the action. *See* 28 U.S.C. §1915A.

DISPOSITION

In summary, Plaintiff may proceed against all defendants on Count 1 of the complaint. Counts 2 and 3 are dismissed from the action as specified above.

**IT IS HEREBY ORDERED** that Plaintiff shall complete and submit a USM-285 form for the unknown defendants within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order. The Clerk is **DIRECTED** to send Plaintiff **3** USM-285 forms with Plaintiff's copy of this

---

[1]To the extent that Plaintiff is arguing that the visitation restrictions constitute "punishment" in violation of the due process clause, that claim is addressed in Count 1 of the complaint, upon which Plaintiff is allowed to proceed.

Memorandum and Order.  **Plaintiff is advised that service will not be made on a defendant until Plaintiff submits a properly completed USM-285 form for that defendant.**

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for ***Defendants Madison County, Bob Hertz, Joe Gulash, and Bob Hollenbeck***.  The Clerk shall forward those forms, USM-285 forms submitted by the Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on ***Defendants Madison County, Bob Hertz, Joe Gulash, and Bob Hollenbeck*** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order.  For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.  Service shall not be made on the Unknown (John Doe) Defendants until such time as Plaintiff has identified them by name on a USM-285 form and in a properly filed amended complaint.  Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

With respect to former employees of Madison County Jail who no longer can be found at the work address provided by Plaintiff, the County shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal.  Address information obtained

- 8 -

from the County pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received.  If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant.  Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required.  Costs of service will be taxed against the personally served defendant in accordance with the provisions of Fed. R. Civ. P. 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff  is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court.  He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the

complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

### PENDING MOTIONS

Currently pending before the Court are Plaintiff's motions for appointment of counsel (Doc. 3), and for an extension of time to serve notice upon defendants (Doc. 8).

In making a determination on a request for appointment of counsel, a court must consider whether Plaintiff is competent to represent himself given the complexity of the case, and if he is not, whether the presence of counsel would make a difference in the outcome of his lawsuit. *Greeno v. Daley*, 414 F.3d 645, 658 (7th Cir. 2005) (*citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993)). This case is still in its early stages; Defendants have not yet been served in the action. At this point, Plaintiff has been able to competently present his claims, and the issues are not so complex that Plaintiff could not continue to represent himself in the action. Accordingly, Plaintiff's motion for appointment of counsel (Doc. 3) is **DENIED without prejudice**. If the case becomes more complex and Plaintiff experiences difficulty in litigating the action, he may renew his request for counsel at that time.

- 10 -

Plaintiff also requests an extension of time for serving notice on the unknown defendants in the action because Plaintiff thus far has been unable to identify the unnamed defendants.   No discovery has yet been ordered in the action.   It is likely that Plaintiff will be able to identify these defendants through the discovery process, and may amend his complaint at that time.   The Court therefore, sees no reason to grant any extensions of time for identification of the unknown defendants.   Accordingly, Plaintiff request (Doc. 8) is **DENIED without prejudice**.

**IT IS SO ORDERED.**

**DATED:  March 5, 2007**


**s/ WILLIAM D.  STIEHL**
**DISTRICT JUDGE**

- 11 -