IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| **MATTHEW A. DAVIS**, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| V. | ) | CIVIL NO. **06-336-WDS** |
| | ) | |
| **COUNTY OF MADISON, IL, et al.**, | ) | |
| | ) | |
| Defendants | ) | |

## REPORT AND RECOMMENDATION

This Report and Recommendation is respectfully submitted to United States District Judge William D. Stiehl pursuant to 28 U.S.C. § 636(b)(1)(B) and (C).

In accordance with Federal Rule of Civil Procedure 12(b)(6), defendants Madison County, Illinois, and Sheriff Robert Hertz are seeking dismissal of the above-captioned action, arguing plaintiff has failed to state a viable legal claim. **(Doc. 72)**. More specifically, defendants argue plaintiff has not alleged that Sheriff Hertz personally participated in the alleged constitutional violations. Defendants further argue that the suit against Madison County should be dropped because it has no responsibility for the operation of the Madison County Jail.

## Analysis

### 1. Sheriff Hertz

The second amended complaint **(Doc. 71)** alleges that plaintiff was placed in an environment which constitutes an unfit living condition, his due process rights were violated, his right to equal protection under the law was violated, his right to be free from retaliation was violated, his right to free speech was violated, and his free exercise rights were violated.

1

Defendants argue that the second amended complaint fails to allege that Sheriff Hertz personally participated in any of the aforementioned constitutional deprivations. **(Doc. 72, p. 2)**.

The plaintiff must allege personal participation in the deprivations of constitutional rights in order to properly assert a claim against the Sheriff because there is no respondeat superior liability under 42 U.S.C. § 1983. ***Sanville v. McGaughtry* 266 F.3d 724 (7th Cir. 2001); *Chavez v. ISP*, 251 F.3d 612 (7th Cir. 2001); and *Hildebrant v. IDNR*, 247 F.3d 1014 (7th Cir. 2003)**.

> A defendant "will be deemed to have sufficient personal responsibility if he directed the conduct causing the constitutional violation, or if it occurred with his knowledge or consent." *Chavez*, 251 F.3d at 652. This definition recognizes that the individual does not have to have participated directly in the deprivation. *See McPhaul v. Board of Comm'rs of Madison Co.*, 226 F.3d 558, 566 (7th Cir.2000) (quotation omitted). Thus, a supervisor may be liable for "deliberate, reckless indifference" to the misconduct of subordinates. *See Chavez*, 251 F.3d at 651. ("The supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see.") (quotations omitted).

***Sanville*, 266 F.3d at 740.**

The plaintiff responds to this argument by stating that Sheriff's Hertz's liability is based on the Sheriff's personal participation in the alleged violations and not through a theory of respondent superior. **(Doc 75, p. 2)**.

The defendants counter that Sheriff Hertz cannot be held responsible for such allegations because the plaintiff can not demonstrate personal participation in the constitutional deprivations alleged by the Sheriff. **(Doc. 72, p. 2)**. In *International Marketing, Ltd. v. Archer-Daniels-Midland Company, Inc.,* the Court of Appeals for the Seventh Circuit noted, "the federal rules follow the notice pleading approach, requiring only a "short and plain statement

2

of the claim showing that the pleader is entitled to relief." **Fed.R.Civ.P. 8(a)(2).** The only function the pleadings must serve is to give notice of the claim; the development of legal theories and the correlation of facts to theory come later in the process." *International Marketing, Ltd. v. Archer-Daniels-Midland Company, Inc.* **192 F.3d 724 (7th Cir. 2007).**

With respect to dismissal of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, a court must accept as true all factual allegations in a complaint and draw all reasonable inferences in a plaintiff's favor. *Hentosh v. Herman M Finch Univ. of Health Scis./The Chicago Med. Sch.* **167 F.3d 1170, 1173 (7th Cir. 1999)**. The Supreme Court recently stated;

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atlantic v. Twombly*,__U.S.__, **127 S.Ct. 1955, 1964-1965 (2007) (internal citations and parenthetical information committed).**

Furthermore, pro se pleadings are held to less exacting standards than those prepared by counsel and are to be liberally construed. *Anderson v. Hardman*, **241 F.3d 544 (7th Cir. 2001).**

A review of the second amended complaint reveals allegations that plaintiff has set out several instances in which he asserts that Sheriff Hertz was personally involved in the alleged constitutional violations. **(Doc. 75, p. 6-7).** Therefore, the second amended complaint is a sufficient claim for relief under Federal Rule of Civil Procedure 8(a).

## 2. Madison County

The movant asserts that Madison County should be dismissed from this suit as an Illinois county can not be held responsible for the actions of a county sheriff under a theory of respondeat superior. ***Moy v. County of Cook* 159 Ill.2d 519 (1994)**. This position is based on a dated understanding of Illinois law.

In what is commonly referred to as "Carver II," the Court of Appeals for the Seventh Circuit stated:

> A county in Illinois is a necessary party in any suit seeking damages from an independently elected county officer (sheriff, assessor, clerk of court, and so on) in an official capacity. *See* Fed.R.Civ.P. 17, 19. Because state law requires the county to pay, federal law deems it an indispensable party to the litigation.

***Carver v. Sheriff of LaSalle County Illinois* 324 F.3d 947, 948 (7th Cir. 2003)**. The appellate court went on to state: "in the future counties must be named as parties and are entitled to remain in the suit, so that they may veto improvident settlements proposed (at their expense) by the independently elected officers." *Id.* Although counties cannot be made parties to a suit based on a respondeat superior theory of liability, they still retain their connection to the suit as indispensable parties under Federal Rules of Civil Procedure 17 and 19. Therefore, dismissal of Madison County would be inappropriate.

## Recommendation

For the aforementioned reasons, it is the recommendation of this Court that the defendant's motion for dismissal **(Doc. 72)** be denied in all respects.

**DATED: June 12, 2007**

      **s/ Clifford J. Proud**
      **CLIFFORD J. PROUD**
      **U.S. MAGISTRATE JUDGE**

**Notice of Response Deadline**

In accordance with 28 U.S.C. 636(b) and Federal Rule of Civil Procedure 6(e), the parties shall file any objections to this report and recommendation on or before **June 30, 2008**.