# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

MATTHEW A. DAVIS,                                    )
                                                     )
                                    Plaintiff,       )
                                                     )
vs.                                                  )     Case No. 06-cv-0336-MJR
                                                     )
COUNTY OF MADISON, ILLINOIS,                         )
BOB HERTZ,                                           )
JOE GULASH,                                          )
BOB HOLLENBECK,                                      )
BRAD BESSON,                                         )
JOHN P. CHIURATO,                                    )
DENNIS FISCHER,                                      )
DIANE FRITSCHLE,                                     )
JASON GILBERT,                                       )
JOHN LAKIN,                                          )
PETE MOORE,                                          )
ROBERT POSTON,                                       )
RODNEY SCHAAKE and                                   )
RANDY YOUNG,                                         )
                                                     )
                                    Defendants.      )

## MEMORANDUM and ORDER

**REAGAN, District Judge:**

### A.     Introduction and Overview of Claims

In accordance with Federal Rule of Civil Procedure 56, two named Defendants herein – Robert Hertz and John Lakin – seek summary judgment. They argue that Plaintiff Matthew Davis has failed to establish their personal involvement in any of the alleged constitutional violations (Doc. 109). Hertz and Lakin support their position with excerpts from Davis' deposition (Doc. 109-2). Davis has filed a response opposing summary judgment with a wide array of supporting documentation (Docs. 110 and 110-2).

Davis, proceeding *pro se*, initiated the above-captioned civil rights action while a

1

pretrial detainee in the Madison County Jail, within this Judicial District. Davis alleged that prison officials violated his constitutional rights in a variety of ways (Doc. 1). Davis later was transferred to the custody of the Illinois Department of Corrections (Doc. 9). At this juncture, Davis' *pro se* second amended complaint controls (Doc. 71), even though he now is represented by counsel.

The second amended complaint asserts the following against Defendants Hertz and Lakin:

1. Sheriff Hertz, in his individual and official capacities, subjected Davis to punishment – in terms of cell assignment, privileges and amenities – without affording him due process, in violation of the Fourteenth Amendment;

2. Sheriff Hertz, in his individual and official capacities, subjected Davis to conditions of confinement that amounted to punishment of a pretrial detainee, in violation of the Fourteenth Amendment;

3. Sheriff Hertz, in his individual and official capacities, placed Davis in an isolation cell and restricted his privileges after Davis was charged with a rule infraction, when other detainees who committed rule infractions were placed in cell block E-South and afforded more privileges, thereby denying Davis equal protection under the law, in violation of the Fourteenth Amendment;

4. Sheriff Hertz, in his individual capacity, moved Davis to segregation and denied him various rights and privileges in retaliation for Davis filing this action and various grievances, all in violation of the First Amendment;

5. Sheriff Hertz, in his individual and official capacities, suspended Davis' mail privileges (including communications with his attorney and receipt of religious books and materials), in violation of the First Amendment;

6. Sheriff Hertz and Chief Deputy Lakin, in their individual and official capacities, precluded Davis from receiving books and magazines (including legal, religious and "adult entertainment" books and magazines) and/or censored what type of books and magazines were allowed, in violation of the First Amendment; and

7.　　Sheriff Hertz and Chief Deputy Lakin, in their individual and official capacities, precluded Davis from practicing his religion, in violation of the First Amendment, because he did not declare he was a Muslim at the time he was booked into the jail.

## B.　　Relevant Legal Standards

### SUMMARY JUDGMENT

Summary judgment is proper where the pleadings and affidavits, if any, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law ." **FED. R. CIV. P. 56(c);** *Celotex Corp. v. Catrett,* **477 U.S. 317, 322 (1986).** The movant bears the burden of establishing the absence of fact issues and entitlement to judgment as a matter of law. *Santaella v. Metro. Life Inc. Co.,* **123 F.3d 456, 461 (7th Cir. 1997)** *, citing Celotex,* **477 U.S. at 323.**

In determining the existence of a genuine dispute of material fact, the Court construes all facts in the light most favorable to the nonmoving party and draws all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.,* **477 U.S. 242, 255 (1986);** *Regensburger v. China Adoption Consultants, Ltd.,* **138 F.3d 1201, 1205 (7th Cir. 1998).**

If the moving party meets its burden, the nonmoving party has the burden "to go beyond the pleadings and affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact which requires trial." *Borello v. Allison,* **446 F.3d 742, 748 (7th Cir. 2006) (internal quotation marks and citations omitted);** *Celotex,* **477 U.S. at 322-26;** *Johnson v. City of Fort Wayne,* **91 F.3d 922, 931 (7th Cir. 1996).** If the evidence is merely colorable, or is not sufficiently probative, summary judgment may be granted. *Anderson,* **477 U.S. at 249-250.** *Accord Strazenski v. City of Elkhart,* **87 F.3d 872, 880 (7th Cir. 1996);** *Tolle v. Carroll Touch, Inc.,* **23 F.3d 174, 178 (7th Cir. 1994).**

The non-movant's "own uncorroborated testimony is insufficient to defeat a motion for summary judgment." *Weeks v. Samsung Heavy Indus. Co.,* **126 F.3d 926, 939 (7th Cir. 1997).** Further, the non-moving party's own subjective belief does not create a genuine issue of material fact. *Chiaramonte v. Fashion Bed Group, Inc.,* **129 F.3d 391, 401 (7th Cir. 1997).** However, when all the Court has before it are the parties' diametrically opposed statements on the critical and ultimate issues of fact, the Court must pass the case to the next phase of litigation.

### PERSONAL INVOLVEMENT

In *Wolf-Lillie v. Sonquist*, **699 F.2d 864, 869 (7th Cir.1983)**, the Seventh Circuit Court of Appeals stressed: "Section 1983 creates a cause of action based upon personal liability and predicated upon fault. An individual cannot be held liable in a 1983 action unless he caused or participated in an alleged constitutional deprivation." *See also McBride v. Soos*, **679 F.2d 1223, 1227 (7th Cir. 1982).** Accordingly, liability under Section 1983 cannot be based on the doctrine of *respondeat superior*. *See Sanville v. McCaughtry*, **266 F.3d 724, 740 (7th Cir. 2001).**

"However, a defendant's direct participation in the deprivation is not required. An official satisfies the personal responsibility requirement of section 1983 if she acts or fails to act with a deliberate or reckless disregard of [the prisoner plaintiff's] constitutional rights, or if the conduct causing the constitutional deprivation occurs at her direction or with her knowledge and consent." *Rascon v. Hardiman*, **803 F.2d 269, 273-274 (7th Cir. 1986).**

Furthermore, supervisory officials may be liable for the constitutional torts of their subordinates *if* they know of and facilitate, approve, condone, or turn a blind eye to the conduct. *Chavez v. Cady,* **207 F.3d 901, 906 (7th Cir. 2000);** *Jones v. City of Chicago,* **856 F.2d 985, 992-93 (7th Cir. 1988).**

## C.    <u>Analysis</u>

**ROBERT HERTZ**

Defendant Sheriff Robert Hertz argues that Davis has failed to establish that he, Hertz, personally participated – in his individual or official capacity – in any of the constitutional deprivations alleged in the second amended complaint. Hertz relies entirely on Davis' deposition testimony, asserting that no other evidence has been presented regarding his individual actions or official involvement in any policy or custom to deprive Davis of his constitutional rights.

In his deposition, Davis testified he was told by jail staff that sending a grievance to the sheriff was a step in the grievance process (Doc. 109-2, p. 4; Depo. p. 47). Davis further testified that he forwarded grievances to Hertz, and Hertz responded (Doc. 109-2, p. 3; Depo. p. 46). As Davis explains it, Sheriff Hertz violated Davis' rights because, "He implements the policies of the jail. He formulates, implements, upholds all the policies" (Doc. 109-2, p. 2 (Depo. p. 45).

In response to the motion, Davis submitted copies of the correspondence between himself and Sheriff Hertz, which evinces Hertz's knowledge of the complaints underlying Davis' constitutional claims (Doc. 110-2, pp. 50-61). In a letter dated May 31, 2005, Sheriff Hertz encouraged Davis to pursue his complaints with the Illinois Department of Corrections (IDOC), which oversees the Madison County Jail and investigates inmate complaints and takes necessary corrective action (Doc. 110-2, p. 61). Davis has also provided documentation reflecting that Sheriff Hertz was sent copies of correspondence between IDOC officials and Davis regarding Davis' numerous complaints (Doc. 110-2, p. 62-68).

This evidence reveals genuine issues of material fact regarding whether Hertz consented to Davis' situation and whether he acted or failed to act due to deliberate indifference.

Thus, Hertz is *not* entitled to summary judgment insofar as he is sued in his individual capacity.

As to whether Hertz, as Sheriff, can be held accountable for policies and customs that allegedly violated Davis' constitutional rights, Davis has submitted Sheriff's Office Jail Policy Directive #44, which forbids prisoners from changing their religious preference after they are booked into the jail in order to obtain a dietary change (Doc. 110-2, p. 73). Thus, Hertz is sufficiently linked to the conduct alleged in Count 7 and the policy at issue, precluding summary judgment on that particular issue. Material questions of fact also remain relative to the alleged policies and practices intertwined with Counts 1-6. As noted above, Davis has testified that he was told that Sheriff Hertz was part of the grievance hierarchical process.

Additionally, Joe Gulash, the superintendent of the jail, has testified that he drafted jail policies and ensured they were carried out correctly, *under the supervision of Sheriff Hertz* (Doc. 110-2, p. 19; Depo. pp. 20-22). Although that evidence arguably does not go beyond the *respondeat superior* theory of liability, Gulash stated that he probably reported housing decisions regarding Davis to Sheriff Hertz (Doc. 110-2, p. 21; Depo. p. 30).

Viewing that evidence in the light most favorable to Davis, he has sufficiently established Sheriff Hertz's personal involvement (in his individual and official capacities) in all claims, and material questions of fact preclude summary judgment.

**JOHN LAKIN**

Defendant John Lakin appears to have held several high ranks within the Sheriff's Department during the relevant time period. Lakin is named as a Defendant only in Counts 6 and 7.

When asked in his deposition about Lakin being personally involved in the alleged constitutional deprivations, Davis responded: "Lakin is not" (Doc. 109-2, p. 4; Depo., p. 47). Consequently, Defendant Lakin seeks summary judgment.

Davis counters by citing (1) a grievance appeal sent to Lakin regarding denied access to a telephone for three days and general phone policies, plus (2) a request for expungement of multiple disciplinary charges due to a lack of due process, which was directed to Captain Gulash but purports to have also been forwarded to Lakin (Doc. 110-2, pp. 70-71). Davis also relies on his deposition testimony that he sent unspecified grievances to Lakin, but Lakin never responded (Doc. 109-2, p. ; Depo. p. 46). Davis also broadly maintains that Lakin "implements and upholds the policies" (Doc. 109-2, p. 3; Depo. p. 46). Davis implies that Lakin may have been in daily meetings with command officials when policy matters were discussed (Doc. 110-2, pp. 19-21; Depo. pp. 20-28).

As noted above, Lakin is named only in Counts 6 and 7. Count 6 pertains to censorship of books and magazines. Count 7 pertains to Davis' desire to declare that he is a practicing Muslim after the booking process was completed. The correspondence cited by Davis does not pertain to either of those claims. Moreover, Davis stated unequivocally that Lakin was *not* personally involved. Therefore, as to any claims against Lakin in his individual capacity, no material questions of fact remain, and Lakin is entitled to summary judgment.

Insofar as Davis has presented evidence that Lakin was a ranking officer in the Sheriff's Department who may have had a role in making and fashioning policy, Davis has not gone beyond the *respondeat superior* theory of liability. Davis has not sufficiently linked Lakin to the policies underlying Counts 6 and 7. "Summary judgment is the 'put up or shut up' moment in a lawsuit," when a party must show what evidence it has that would convince a trier of fact to accept its version of events. ***Johnson v. Cambridge Indus., Inc., 325 F.3d 892, 901 (7th Cir. 2000).*** Davis' uncorroborated subjective belief cannot suffice at this stage in the proceedings. Lakin has demonstrated his entitlement to summary judgment herein.

###     D.     Conclusion

For these reasons, the Court **GRANTS IN PART and DENIES IN PART** Defendants Hertz and Lakin's motion for summary judgment (Doc. 109). The motion is granted as to Defendant Lakin (named only in Counts 6 and 7) and denied as to Defendant Hertz. The Clerk of Court **SHALL ENTER JUDGMENT** against Plaintiff Davis and in favor of Defendant Lakin at the close of the case.

Summary judgment having been denied as to Defendant Hertz, the claims against him shall proceed to trial, as will the claims against the other remaining Defendants. Bearing note is the fact that all 14 Defendants (via two separate motions, Docs. 106 and 107) obtained an extension of time to file dispositive motions from Magistrate Judge Clifford J. Proud. Judge Proud extended the motion deadline through January 5, 2009. Only two Defendants (Hertz and Lakin) moved for summary judgment.

Judge Proud will hold a **final pretrial conference** at **10:00 am on June 30, 2009.** Once that has occurred and Judge Proud certifies the case trial-ready, it will be scheduled on the trial docket of the undersigned District Judge, who received this matter May 7, 2009 via reassignment from the Honorable William D. Stiehl.

IT IS SO ORDERED.

DATED this 20th day of May 2009.

s/ ***Michael J. Reagan***
MICHAEL J. REAGAN
United States District Judge